UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN C. COLE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-00365-JRS-DLP |
| | ) |
| ROBERT E. CARTER, JR., et al. | ) |
| | ) |
| Defendants. | ) |

**Order Denying Plaintiff's Motion for Relief from Judgment**

Plaintiff John C. Cole, Jr., filed his motion for relief from judgment, dkt. [50], on July 13, 2020. Brought pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure, Mr. Cole seeks relief from "the order screening and dismissing complaint . . . ." Dkt. 50 at 8. For the reasons explained below, the motion is, on its merits, **denied**. The Court also addresses the nature and tone of Mr. Cole's allegations and admonishes him about unsupported allegations.

Mr. Cole devotes much of his motion suggesting that the Court committed fraud and deception when it entered a second screening Order on May 12, 2020. He alleges the Court manipulated the docket in furtherance of a plan to "undermine his efforts to get relief from all of the defendants named in his civil right[s] complaint." Dkt. 50 at ¶ 20. He contends that his motion for recusal of judge, dkt. 20, which he believes was submitted prior to the Court's second screening, is what prompted the Court to suddenly issue its Order screening the amended complaint, dkt. 17, and docket it *before* his recusal motion was docketed. Dkt. 50 at ¶ 23. Citing to 28 U.S.C. § 144, Mr. Cole argues the Court was required to recuse from the case while a different court considered the recusal motion, and that the filing of the second screening order was therefore improper. Dkt. 50 at ¶¶ 21-22. Mr. Cole also contends that the Court "deliberately and intentionally failed to

provide him with a copy" of the May 12, 2020, screening Order to prevent him from filing a timely objection to the screening *Id.* Finally, Mr. Cole again takes issue with rulings dismissing time-barred claims and contends doing so was an act of fraud and misconduct against the Court. *Id.* at ¶ 25. This Court will discuss the motion to recuse issue first.

> 28 U.S.C. § 144 provides:
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Mr. Cole interprets this statute to require the judge accused of personal bias or prejudice to immediately cease presiding over the case and to send the case to a different judge. Dkt. 50 at ¶ 21. He is wrong. This statute requires recusal only when "'the moving papers are sufficient.'" *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020) (quoting *United States v. Betts-Gaston*, 860 F.3d 537 (7th Cir. 2017)). The statute is "a powerful tool that could easily be abused." *Id.* Because of the risk of abuse, the statute's requirements are "strictly enforce[d]." *Id.* (citing *United States v. Barnes*, 909 F.3d 1059, 1072 (7th Cir. 1990). If a "party fails to satisfy the statute's strict procedural demands," the motion can be denied without recusal. *Id.* (citing *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993).

The statute's procedural requirements are (1) a *sufficient* affidavit, and (2) a certificate of good faith. § 144. Mr. Cole's motion was not accompanied by a certificate of good faith and could have been denied on that basis alone. But moreover, the verified motion, qualifying as an affidavit,

2

was insufficient to show "that [the Court's] impartiality might be questioned by a reasonable, well-informed observer." *Id. (*citing *United States v. Herrera-Valdez*, 826 F.3d 912, 917 (7th Cir. 2016) (applying 28 U.S.C. § 455(a) recusal provisions)). Mr. Cole's motion to recuse was based entirely on his disagreement with rulings the Court made in its first screening order. Dkt. 20. As noted in the Order denying Mr. Cole's motion to recuse, judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal. Dkt. 21 (citing *Liteky v. United States*, 510 U.S. 540, 545 (1994)). It logically follows therefore that if the sole basis for seeking recusal comprised ordinary judicial rulings and trial administration efforts, the motion/affidavit for recusal was not sufficient to invoke the mandatory provisions of § 144.

The denial of Mr. Cole's recusal motion was proper, and its filing did not divest this Court of the authority to enter the second screening Order or an Order denying the motion.

Notwithstanding the insufficiency of his motion, the Court nonetheless will address Mr. Cole's erroneous contention that the second screening order was filed only after the Court learned of the recusal motion and done for the purpose of avoiding the recusal provisions of § 144. First, it takes some time for the Court to conduct a screening of a complaint as complex as Mr. Cole's amended complaint with allegations against more than forty defendants spanning thirty-one years. Second, the screening order was docketed by the clerk at 11:35 a.m. on May 12, 2020, which was sometime after it had been prepared, signed and delivered to the clerk for filing and docketing. Third, Mr. Cole's motion for recusal was docketed by the clerk at 4:28 p.m. on May 12, 2020 and would not even come to the Court's attention until the next day.

Mr. Cole's last contention warranting a response concerns his belief that the Court intentionally did not send him a copy of the May 12, 2020, screening order so that he would be unable to meet its objection deadline and to thwart his efforts to recover from all of his named

3

defendants. Mr. Cole is a participant in the prisoner e-filing program offered by this Court and the Indiana Department of Correction. When any filing or entry is made on a case docket, the Court's CM/ECF system immediately generates a Notice of Electronic Filing (NEF) which is then immediately and automatically e-mailed to every registered case participant, including participating prison law libraries. The solution to instances when a prisoner did not receive a filing in his case is to request a replacement copy of the filing and, if necessary, request additional time to make any necessary response; it is not imputing improper motives and making unfounded accusations.

Mr. Cole's baseless and serious accusations, with absolutely no evidentiary support, have no place in federal court litigation. Federal Rule of Civil Procedure 11(b) provides in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . . .
>
> (3) *the factual contentions have evidentiary support* or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

(Emphasis added.) Mr. Cole's instant motion for relief from judgment contains factual contentions without any evidentiary basis whatsoever. Such a violation of Rule 11 could result in serious sanctions, monetary and non-monetary. Mr. Cole is admonished and cautioned to not make baseless and unsupported allegations against other parties or the Court. Care must be exercised to temper the tone of pleadings and conform allegations to the evidence or what is expected to be shown from the evidence.

4

This is also the second time the Court has had to admonish Mr. Cole for misconduct. In a June 26, 2020, Order discussing Mr. Cole's two motions for leave to proceed *in forma pauperis* on appeal, inconsistent and contradictory material factual assertions were identified. Dkt. 43. In that Order the Court admonished Mr. Cole:

> The Court admonishes Mr. Cole to not submit false or misleading statements, either directly or by omission in his future filings. *Cf. Ayoubi v. Dart*, 640 F. App'x 524, 529 (7th Cir. 2016) (noting that "no one needs to be warned not to lie to the judiciary"). Mr. Cole must pay careful attention to detail in his submissions to this Court and to the Seventh Circuit Court of Appeals. Proceeding *pro se* does relieve the litigant from following the Rules of Civil Procedure and federal law. *See* Fed. R. Civ. P. 11(b)(3) (by signing a paper submitted to the Court, the signer certifies, among other things, that its factual contentions have evidentiary support). The submission of false, misleading, or perjurious assertions may result in the dismissal of this action with prejudice without further warning.

*Cole v. Carter*, No. 2:19-cv-00365-JRS-DLP, dkt. 43 at 2 (S.D. Ind. June 26, 2020).

Mr. Cole is further cautioned that continued violations of Rule 11(b) will result in the imposition of serious sanctions as allowed by law.

In conclusion, none of Mr. Cole's assertions contained in his motion for relief from judgment have merit. Disagreement with a legal or procedural ruling is insufficient to warrant relief under Rule 60. Therefore, the July 13, 2020, motion for relief from judgment, dkt. [50], is **denied**.

**IT IS SO ORDERED**.

Date: 7/17/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John C. Cole, Jr.
14658
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Sarah Jean Shores
Indiana Office of the Attorney General
sarah.shores@atg.in.gov

Mollie Ann Slinker
Indiana Attorney General
mollie.slinker@atg.in.gov